J. SCOTT GERIEN, State Bar No. 184728
JOY L. DURAND, State Bar No. 245413
DICKENSON, PEATMAN & FOGARTY
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
JAM CELLARS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JaM Cellars, Inc.,<br><br>                 Plaintiff,<br><br>      vs.<br><br>The Wine Group LLC,<br><br>                 Defendant. | CASE NO.<br><br>**COMPLAINT**<br><br>1. **Federal Trademark Infringement**<br>2. **Federal Unfair Competition**<br>3. **California Unfair Competition**<br>4. **California False or Misleading Statements**<br>5. **California Trademark Dilution**<br>6. **Common Law Trademark Infringement**<br>7. **Common Law Unfair Competition**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, JaM Cellars, Inc. ("JaM" or "Plaintiff"), for its complaint against Defendant, The Wine Group LLC ("TWG" or "Defendant"), alleges as follows:

## NATURE OF ACTION

1.  This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition (15 U.S.C. §1125(a)), California unfair competition (Cal. Bus. & Prof. Code §17200), the

COMPLAINT; DEMAND                                        1
FOR JURY TRIAL

dissemination of false and misleading statements (Cal. Bus. & Prof. Code §17500), California trademark dilution (Cal. Bus. & Prof. Code §14247) and common law trademark infringement and unfair competition, as the result of willful and unauthorized use by Defendant of colorable imitations of Plaintiff's trademark, as more fully set forth hereinafter. Plaintiff seeks preliminary and permanent injunctive relief restraining Defendant's infringement of Plaintiff's trademark, monetary damages, attorneys' fees and related relief.

## THE PARTIES

2. Plaintiff, JaM Cellars, Inc., is a California corporation with its corporate offices located at, 1460 First Street, Napa, California 94559.

3. Upon information and belief, Defendant, The Wine Group LLC, is a Delaware limited liability company with its corporate offices located at 4590 Tesla Road, Livermore, California 94550.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham Act, 15 U.S.C. §§1116-1127. This Court also has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. §1338(b).

5. Upon information and belief, Defendant, either directly or through its agents, transacted business in the State of California and within this judicial district, as more specifically set forth below, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district, and/or the infringement occurred in this judicial district.

///

///

COMPLAINT; DEMAND
FOR JURY TRIAL

**INTRADISTRICT ASSIGNMENT**

7.  Pursuant to Civil Local Rule 3-2(c) this is an intellectual property matter which is to be assigned on a district-wide basis.

**ALLEGATIONS COMMON TO ALL CLAIMS**

8.  Plaintiff is the owner of the trademark BUTTER for wine as well as the owner of incontestable U.S. Trademark Registration No. 3,999,253 for BUTTER for wine in International Class 33, issued on July 19, 2011 with constructive rights dating back to April 11, 2010 (the "BUTTER Mark").  Plaintiff has used the BUTTER mark on and in association with wine since as early as 2010, long prior to the acts of Defendant complained of herein.

9.  Plaintiff's BUTTER Mark for wine is not descriptive when used in association with wine and therefore is inherently distinctive.  The inherent distinctiveness of Plaintiff's BUTTER Mark is presumed and  incontestable given its ownership of the incontestable federal trademark registration for the BUTTER Mark.

10. Plaintiff produces a Chardonnay wine under the BUTTER Mark.  BUTTER wine is offered for sale in forty-eight (48) states, including the state of California.  The first release of Plaintiff's BUTTER Chardonnay in 2010 was one thousand (1,000) cases and the BUTTER brand showed triple-digit growth in each of its first nine years.  Today, BUTTER is the number two ranked Chardonnay in the U.S. in its price segment.

11.  Since, 2010, Plaintiff has sold over eighteen million (18,000,000) bottles of BUTTER wine nationwide.  In 2018 alone, Plaintiff sold over six million (6,000,000) bottles of BUTTER wine.

12. Since 2010, Plaintiff's dollar sales of its BUTTER wine have been in excess of one hundred fifty million dollars ($150,000,000).  In 2018 alone, Plaintiff's sales of its BUTTER wine were in excess of fifty million dollars ($50,000,000), with a retail value of such wine was in excess of ninety million dollars ($90,000,000).

13. For the 2018 vintage, Plaintiff will produced over nine million (9,000,000) bottles of BUTTER wine with a retail value in excess of one hundred fifty million dollars

($150,000,000).

14. Since 2010, Plaintiff has expended well over thirty-five million dollars ($35,000,000) in advertising and marketing its BUTTER wine, including radio advertising, social media advertising, billboard advertising, concert and event sponsorships, direct marketing, promotions, wine tastings, catalog and print advertisements, website production, and point of sale materials.  Plaintiff's advertising and marketing efforts in 2018 generated over one billion impressions in radio, digital, social media, out-of-home advertising and public relations.

15. Plaintiff has been a sponsor of the BottleRock Napa Valley music festival every year since 2015, and has been the Presenting Sponsor from 2016 to present, resulting in Plaintiff's BUTTER brand being prominently featured and seen, collectively, by over four hundred thousand BottleRock festival goers.  Plaintiff has also been the official wine sponsor of the Ohana Festival, a three-day music festival in Dana Point, California, and the Voodoo Music + Arts Experience, a multi-day music and arts festival in New Orleans, Louisiana, since 2017.

16. Plaintiff's BUTTER wine received an 87 point score in the *Wine Spectator* for its 2011, 2015 and 2016 vintages, was awarded a silver medal at the 2016 San Francisco Chronicle International Wine Competition, received a #1 ranking from wine professionals in the Judgment of Oakland at the 2016 Oakland Wine Festival, a gold medal at the 2018 San Diego International Wine & Spirits Challenge, and has been named an "Impact Hot Brand Award Winner" by Impact Magazine for three years in a row (2016-2018).  To be considered for an Impact "Hot Brand" Award, wineries must show a minimum depletion of 250,000 cases annually, and reflect at least a 10 percent volume growth in the past three calendar years or 15 percent growth in 2018 over 2017.

17. As evidenced by Plaintiff's sales, advertising and accolades for the BUTTER wine, the BUTTER Mark is famous within the state of California, with extreme fame in particular geographic areas of the state.  Accordingly, Plaintiff owns extremely valuable goodwill in its BUTTER Mark and the mark has extraordinary financial value.

18. As a result of the wide, continuous advertising and distribution of Plaintiff's BUTTER wine since as early as 2010, the BUTTER Mark has also acquired distinctiveness among wine consumers.

19. Defendant is well aware of Plaintiff and its BUTTER brand.  In 2017 Plaintiff filed a federal trademark infringement action against Defendant based on its use of the mark BUTTERKISSED in connection with Defendant's CUPCAKE VINEYARDS brand for a Chardonnay wine.  During the course of such litigation, documents produced by Defendant demonstrated that Defendant was targeting the success of Plaintiff's BUTTER brand of wine.  Such lawsuit was resolved to the mutual satisfaction of the parties and Defendant is currently using its BUTTERKISSED mark as a sub-brand, smaller and subordinate to its CUPCAKE VINEYARDS brand.

20. On April 1, 2019, an article appeared in the wine industry publication *Shanken News Daily* entitled "The Wine Group Relaunches Franzia With Multi-Million Dollar Campaign."  The article featured an interview with The Wine Group's Chief Marketing Officer, Jeff Dubiel.  Dubiel stated that Defendant has launched its first major marketing campaign in thirty-five years for its Franzia brand, which includes a full packaging revamp, as well as new products and line extensions.  After discussing the new packaging formats for the brand, Dubiel stated "[s]econdly, we're coming out with a new Chardonnay called Rich & Buttery." This was the first time that Plaintiff learned of Defendant's RICH & BUTTERY brand.

///

///

///

///

///

///

///

///

21. Further research disclosed that Defendant's RICH & BUTTERY brand of wine is offered in the below packaging:



22. Defendant's RICH & BUTTERY mark is prominently displayed across the middle of its new Chardonnay SKU in white lettering in a font larger than and distinct from its FRANZIA mark in the manner of a trademark intended to attract public attention. Additionally, the term "BUTTERY" is the most prominent term on the package and falls in the exact center of the packaging where a consumer's line of vision will be drawn.

23. Defendant features many wines under its Franzia line which reference a particular wine style such as "Crisp White," "Sunset Blush" and "Dark Red Blend." The packaging for all of these wines features the wine style name in a small rectangular box in the lower half of the packaging in a plain font much smaller and subordinate to the Franzia name. Only the RICH & BUTTERY brand features the words "RICH & BUTTERY" as a

1
2
3
4
5
6
7
8
9
10

DICKENSON PEATMAN & FOGARTY

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

brand name in the middle of the package, larger and more prominent than the Franzia name.   Below are images for the packaging for these various wine types which demonstrate these differences:






///

///

///

///

COMPLAINT; DEMAND
FOR JURY TRIAL

7

24. Additionally, Defendant sells numerous different types of white wines under the Franzia line.  Apart from the RICH & BUTTERY brand, all of these other wines in the Franzia line feature consistent packaging design with the image of a tilted wine glass with wine being poured in at an angle set against a white background with the name Franzia appearing at the top and the type of wine appearing in a small rectangular box in the lower half of the packaging.  Only the RICH & BUTTERY brand features a gold background with the large lettering featuring the RICH & BUTTERY brand.  Below are images for the packaging for the Franzia white wines which demonstrate these differences:





///

///

///

///

8

1

2  25. Defendant's reasoning for using a different color scheme for the RICH & BUTTERY

3      packaging is transparent; Defendant is seeking to imitate Plaintiff's BUTTER

4      packaging as closely as possible to copy the same look and feel with which consumers

5      are accustomed.  As shown below, the RICH & BUTTERY packaging is similar in

6      color schemed to that of Plaintiff's BUTTER packaging:

7

8        

9

10

11

12

13

14  26. Defendant's intent to mimic and copy Plaintiff's BUTTER brand is further evidenced

15      by the manner in which Defendant advertises the wine.  While the packaging features

16      the brand name RICH & BUTTERY, Defendant's advertising features the brand as

17      BUTTERY or BUTTERY CHARDONNAY and mimics Plaintiff's black and gold

18      color scheme.  Below is an image from Defendant's website for the Franzia wines

19      showing the listing for the wine:

20

21      

22

23

24

25

26

27

28

DICKENSON  PEATMAN  FOGARTY

27. Upon information and belief, Defendant adopted the RICH & BUTTERY mark to capitalize upon the great success of the BUTTER brand and to unfairly compete with the BUTTER brand by misleading consumers as to the origin of the RICH & BUTTERY brand.

28. Upon information and belief, Defendant has used the RICH & BUTTERY mark in commerce.

29. Defendant's adoption and/or use of the RICH & BUTTERY mark in commerce is subsequent to Plaintiff's adoption, use and registration of its BUTTER Mark.

30. Defendant's RICH & BUTTERY mark is confusingly similar to Plaintiff's BUTTER Mark, given that the marks are similar in sight and sound, utilize the same color combination on the labeling (i.e., yellow and black) and are used on the identical goods, namely, Chardonnay wine produced from California grapes.

31. Use of the RICH & BUTTERY mark by Defendant is likely to confuse consumers into believing that Defendant's RICH & BUTTERY wine is affiliated with, associated with, connected to, or sponsored by Plaintiff and its popular BUTTER wine, and Defendant will unjustly benefit from such association.

32. Defendant's infringing use of the mark RICH & BUTTERY will unjustly increase the profitability of Defendant's RICH & BUTTERY brand to the detriment of Plaintiff and at no cost to Defendant.

33. Plaintiff will be further harmed as consumers will purchase the RICH & BUTTERY wine believing it to be the BUTTER wine or to be affiliated with, associated with, connected to, or sponsored by Plaintiff, and thereby forego purchase of the BUTTER wine, resulting in loss of sales to Plaintiff from Defendant's unfair competition.

34. Defendant's infringing use of the confusingly similar RICH & BUTTERY mark will financially harm Plaintiff by diminishing the value of Plaintiff's BUTTER Mark.

35. Defendant's use of the RICH & BUTTERY mark will also diminish the value of Plaintiff's BUTTER Mark and endanger the ability of Plaintiff's BUTTER Mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods.

36. Upon information of belief, Defendant's Chardonnay wine under the RICH & BUTTERY mark is lower in quality than that of Plaintiff's BUTTER Chardonnay wine. Accordingly, Defendant's use of the RICH & BUTTERY mark will dilute Plaintiff's BUTTER mark by tarnishing the mark as well as blurring the strength and fame of the mark.

37. Unless restrained by this Court, Defendant will unfairly compete with Plaintiff by using the RICH & BUTTERY mark, wherefore Plaintiff is without adequate remedy at law.

38. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendant's conduct further entitles Plaintiff to punitive damages.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. §1114)

39. Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendant's aforesaid goods or services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition under 15 U.S.C. §1125(a))

40. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

DICKENSON PEATMAN & FOGARTY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**THIRD CAUSE OF ACTION**

(State Unfair Competition under Cal. Bus. & Prof. Code §17200)

41. The Defendant's above-averred actions related to use of the RICH & BUTTERY mark in commerce constitute unlawful, unfair or fraudulent business acts or practices in violation of Cal. Bus. & Prof. Code §17200.

**FOURTH CAUSE OF ACTION**

(False or Misleading Statements under Cal. Bus. & Prof. Code §17500)

42. The Defendant's above-averred actions related to use of the RICH & BUTTERY mark in commerce constitute the dissemination and making of untrue or misleading statements, which by the exercise of reasonable care should have been known to be false or misleading, in violation of Cal. Bus. & Prof. Code §17500.

**FIFTH CAUSE OF ACTION**

(Dilution under Cal. Bus. & Prof. Code §14247)

43. The Defendant's above-averred actions related to use of the RICH & BUTTERY mark in commerce constitute dilution in violation of Cal. Bus. & Prof. Code §14247 as Plaintiff's BUTTER mark is famous within the state of California as a designation of source of Plaintiff's goods and Defendant's RICH & BUTTERY mark will call to mind Plaintiff's BUTTER mark by the public so as to impair the distinctiveness of Plaintiff's BUTTER mark and harm the reputation of Plaintiff's BUTTER mark .

**SIXTH CAUSE OF ACTION**

(Common Law Trademark Infringement)

44. The Defendant's above-averred actions related to use of the RICH & BUTTERY mark in commerce constitute trademark infringement and passing off in violation of the common law of California.

COMPLAINT; DEMAND
FOR JURY TRIAL

12

1

2                                **SIXTH CAUSE OF ACTION**

3                                (Common Law Unfair Competition)

4      45. The Defendant's above-averred actions related to use of the RICH & BUTTERY mark

5          in commerce constitute a false designation of origin in violation of the common law of

6          California.

7                                **PRAYER FOR RELIEF**

8      WHEREFORE, Plaintiff requests that judgment be entered as follows:

9      1.      That Defendant, its principals, partners, franchisees, agents, employees, licensees,

10             affiliates, distributors, producers, any parent and subsidiary companies, attorneys

11             and representatives and all of those in privity with or acting under its direction

12             and/or pursuant to its control, be preliminarily and permanently enjoined and

13             restrained, from directly or indirectly:

14             a.      Using the mark RICH & BUTTERY, or any term or mark confusingly

15                     similar to the BUTTER Mark, in connection with the advertisement,

16                     promotion, distribution, offering for sale or selling of alcohol beverages, or

17                     products or services related to alcohol beverages;

18             b.      Performing any acts or using any trademarks, names, words, images or

19                     phrases that are likely to cause confusion, to cause mistake, to deceive or

20                     otherwise mislead the trade or public into believing that Plaintiff and

21                     Defendant are one in the same or are in some way connected or that Plaintiff

22                     is a sponsor of Defendant or that the goods of Defendant originate with

23                     Plaintiff or are likely to lead the trade or public to associate Defendant with

24                     Plaintiff;

25     2.      That Defendant be required to file with the Court, and serve on Plaintiff, a

26             statement under oath evidencing compliance with any preliminary or permanent

27             injunctive relief ordered by the Court within fourteen (14) days after the entry of

28             such order of injunctive relief;

COMPLAINT; DEMAND                          13
FOR JURY TRIAL

3.   That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, corks, neckers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.   That Defendant be ordered to recall infringing RICH & BUTTERY wine in the marketplace from retailers;

5.   That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

6.   That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's attorneys' fees on the basis that this is an exceptional case;

7.   That Plaintiff be awarded punitive damages as a result of Defendant's conduct;

8.   That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.

Dated: April 8, 2019

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By
J. Scott Gerien
Joy L. Durand

1455 First Street, Suite 301
Napa, California 94559
Telephone: 707-252-7122
Facsimile: 707-255-6876

Attorneys for Plaintiff,
JaM Cellars, Inc.

1

## DEMAND FOR JURY TRIAL

2

3          Plaintiff hereby requests a trial by jury in this matter.

4

5   Dated: April 8, 2019

6                                    Respectfully submitted,

7                                    DICKENSON, PEATMAN & FOGARTY

8

9

10                                   By J. Scott Gerien
                                         Joy L. Durand

11

12                                       1455 First Street, Suite 301
                                         Napa, California 94559
                                         Telephone: 707-252-7122
13                                       Facsimile: 707-255-6876

14                                   Attorneys for Plaintiff,
                                     JaM Cellars, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT; DEMAND                        15
FOR JURY TRIAL