KILPATRICK TOWNSEND & STOCKTON LLP
GREGORY S. GILCHRIST (State Bar No. 111536)
ggilchrist@kilpatricktownsend.com
SOPHY MANES (State Bar No. 287583)
smanes@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA  94111
Telephone:   415 576 0200
Facsimile:   415 576 0300

Attorneys for Defendant/Counterclaimant
THE WINE GROUP LLC

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAM CELLARS, INC., | Civil Action No. Case No. 4:19-cv-01878-HSG |
| Plaintiff, | **DEFENDANT/COUNTERCLAIMANT THE WINE GROUP LLC'S ANSWER TO COMPLAINT AND COUNTERCLAIMS** |
| v. | |
| THE WINE GROUP LLC, | Complaint Filed:        April 8, 2019 |
| Defendant. | |
| **AND RELATED COUNTERCLAIM** | **JURY TRIAL DEMANDED** |

Defendant The Wine Group LLC ("The Wine Group"), responds to Plaintiff JaM Cellars, Inc.'s ("JaM") Complaint as follows:

**RESPONSE TO ALLEGATIONS**

1.     The Wine Group admits that JaM purports to bring its claims under the statutes referenced in paragraph 1. Except as expressly admitted, The Wine Group denies the allegations in paragraph 1.

2.     The Wine Group is without knowledge and information sufficient to answer and on that basis denies each and every allegation in paragraph 2.

3.     The Wine Group admits the allegations in paragraph 3, except that one of its corporate offices is located at 4596 Tesla Road, Livermore, California 94550. The Wine Group

also has a corporate office located at 4596 S. Tracy Blvd., Tracy, California 95377.

4.     The Wine Group admits the allegations in paragraph 4.

5.     The Wine Group admits the allegations in paragraph 5.

6.     The Wine Group admits the allegations in paragraph 6.

7.     The Wine Group admits the allegations in paragraph 7.

8.     The Wine Group admits that, on July 19, 2011, the United States Patent and Trademark Office ("USPTO") issued JaM U.S. Trademark Registration No. 3,999,253 for BUTTER for wine in International Class 33. The Wine Group is without knowledge and information sufficient to answer the remaining allegations, including any implications regarding the validity of the BUTTER registration or the veracity of the application, and on that basis denies each and every allegation in paragraph 8.

9.     The Wine Group denies each and every allegation in paragraph 9.

10.    The Wine Group is without knowledge and information sufficient to answer and on that basis denies each and every allegation in paragraph 10.

11.    The Wine Group is without knowledge and information sufficient to answer and on that basis denies each and every allegation in paragraph 11.

12.    The Wine Group is without knowledge and information sufficient to answer and on that basis denies each and every allegation in paragraph 12.

13.    The Wine Group is without knowledge and information sufficient to answer and on that basis denies each and every allegation in paragraph 13.

14.    The Wine Group is without knowledge and information sufficient to answer and on that basis denies each and every allegation in paragraph 14.

15.    The Wine Group is without knowledge and information sufficient to answer and on that basis denies each and every allegation in paragraph 15.

16.    The Wine Group is without knowledge and information sufficient to answer and on that basis denies each and every allegation in paragraph 16.

17.    The Wine Group denies each and every allegation in paragraph 17.

18.    The Wine Group denies each and every allegation in paragraph 18.

19.     The Wine Group admits that JaM filed a federal trademark infringement lawsuit against The Wine Group in 2017 arising out of The Wine Group's use of the BUTTERKISSED mark in connection with its CUPCAKE brand for Chardonnay wine. The Wine Group admits that the parties resolved the lawsuit, and that The Wine Group is currently using its BUTTERKISSED mark as a sub-brand to its CUPCAKE brand. Except as expressly admitted, The Wine Group denies the allegations in paragraph 19.

20.     The April 1, 2019 article in *Shanken News Daily* speaks for itself. Except as expressly admitted, The Wine Group denies the allegations in paragraph 20.

21.     The Wine Group admits that the image in paragraph 21 primarily (except for the "new" banner) depicts the front panel of a 5L package for a Chardonnay wine that The Wine Group offers under its well-known FRANZIA brand in the "Bold Blends" tier. Except as expressly admitted, The Wine Group denies the allegations in paragraph 21.

22.     The Wine Group's FRANZIA packaging as depicted in paragraph 21 speaks for itself. Except as expressly admitted, The Wine Group denies the allegations in paragraph 22.

23.     The Wine Group admits that it offers multiple wine blends under its FRANZIA brand. The Wine Group admits that the images in paragraph 23 primarily (except for the "new" banner) depict the front panels of different packages of wines that The Wine Group offers under its FRANZIA brand. The packaging as depicted in paragraph 23 speaks for itself. Except as expressly admitted, The Wine Group denies the allegations in paragraph 23.

24.     The Wine Group admits that it offers different types of white wine under its FRANZIA brand. The Wine Group admits that the images in paragraph 24 primarily (except for the "new" banner) depict the front panels of packages of different wines that The Wine Group offers under the FRANZIA brand. The packaging as depicted in paragraph 24 speaks for itself. Except as expressly admitted, The Wine Group denies the allegations in paragraph 24.

25.     The Wine Group admits that it offers the FRANZIA Chardonnay wine in packaging depicted in paragraph 25 primarily (except for the "new" banner). The rest of the packaging as depicted in paragraph 25 speaks for itself. Except as expressly admitted, The Wine Group denies the allegations in paragraph 25.

26.     The Wine Group admits that the image in paragraph 26 is a partial screenshot of one page of The Wine Group's website for its FRANZIA wines. Except as expressly admitted, The Wine Group denies the allegations in paragraph 26.

27.     The Wine Group denies each and every allegation in paragraph 27.

28.     The Wine Group admits that it has used the phrase "rich & buttery" to describe characteristics of its wine. Except as expressly admitted, The Wine Group denies the allegations in paragraph 28.

29.     The Wine Group admits that its use of the phrase "rich & buttery" in connection with wine under its FRANZIA mark was subsequent to the date of JaM's registration for the BUTTER mark. The Wine Group is without knowledge and information sufficient to answer the remaining allegations, including any implications regarding the validity of the BUTTER registration or the veracity of the application, and on that basis denies each and every allegation in paragraph 29.

30.     The Wine Group denies each and every allegation in paragraph 30.

31.     The Wine Group denies each and every allegation in paragraph 31.

32.     The Wine Group denies each and every allegation in paragraph 32.

33.     The Wine Group denies each and every allegation in paragraph 33.

34.     The Wine Group denies each and every allegation in paragraph 34

35.     The Wine Group denies each and every allegation in paragraph 35.

36.     The Wine Group denies each and every allegation in paragraph 36.

37.     The Wine Group denies each and every allegation in paragraph 37.

38.     The Wine Group denies each and every allegation in paragraph 38.

39.     The Wine Group denies each and every allegation in paragraph 39.

40.     The Wine Group denies each and every allegation in paragraph 40.

41.     The Wine Group denies each and every allegation in paragraph 41.

42.     The Wine Group denies each and every allegation in paragraph 42.

43.     The Wine Group denies each and every allegation in paragraph 43.

44.     The Wine Group denies each and every allegation in paragraph 44.

45.     The Wine Group denies each and every allegation in paragraph 45.

The Wine Group denies each and every allegation of the Complaint not specifically admitted or otherwise specifically responded to here. The Wine Group denies that it has violated or infringed any rights of JaM, has violated any laws or statutes, or has engaged in any acts that have damaged JaM. The Wine Group denies that JaM is entitled to any of the requested relief in the "Prayer for Relief," or any relief at all.

## AFFIRMATIVE DEFENSES

The Wine Group's investigation of defenses available to it is ongoing. The Wine Group thus reserves the right to amend its Answer to Complaint as its investigation continues. In further response to the Complaint and as defenses, but without assuming a burden that it would not otherwise have, The Wine Group alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     Some or all of JaM's asserted claims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Res Judicata)

2.     The Wine Group's use of the phrase "rich & buttery" is not likely to cause confusion with JaM's alleged trademark and includes a use of the generic term "buttery" to describe a characteristic of the wine. In JaM's prior lawsuit against The Wine Group that was dismissed with prejudice less than a year ago, JaM based its claims on a label for CUPCAKE VINEYARDS BUTTERKISSED Chardonnay that was approved by the Alcohol and Tobacco Tax and Trade Bureau and included a descriptor of the wine as "buttery." JaM was required to join any claim regarding the use of "buttery" in that lawsuit. Accordingly, whether or not JaM's complaint directly attacked the use of "buttery" on the BUTTERKISSED label, it is res judicata that The Wine Group's use of "buttery" as a descriptor of Chardonnay does not infringe JaM's trademark rights.

### THIRD AFFIRMATIVE DEFENSE

**(Trademark Misuse)**

3.      JaM has used its rights in U.S. Trademark Registration No. 3,999,253 in an attempt to improperly corner an increased market share and gain an unfair competitive advantage in the category of buttery wines. The terms "butter" and other butter-formative terms are used ubiquitously in the industry in relation to wines, particularly Chardonnay, and no one producer can fairly appropriate the terms. The Wine Group is informed and believes that JaM has used litigation to bully competitors who use the term "butter" or formatives of the term, exchanging the leverage of litigation for an "assignment" of rights to trademarks and trademark registrations of which JaM makes no use and that are "licensed" back to its true owners for their use. JaM's campaign of naked licenses with former defendants effectively manipulates the trademark register so that it does not reflect the crowded field of "butter-formative" marks that actually exists in the market and reflects JaM's intention to extend its BUTTER trademark beyond its intended and lawful bounds. The Wine Group is informed and believes that JaM's "licensees" are permitted by JaM routinely to use "butter" and "buttery" as descriptors of the wines sold under the "licensed" name. For example, the following uses are made to promote the wines sold by JaM's "licensees:"

a.      BUTTER BOMB wine is described on its website as having notes of "butter."

b.      The producer of BUTTER BOX regularly posts on social media posts that the wine is "buttery," and often includes the hashtag #buttery. On its website, it also describes the wine as being buttery.

c.      BUTTERCREAM wine is described as having a "silken butter" taste.

d.      BUTTERCUP wine is described as offering a "buttery toastiness" for "a taste that's like buttah."

Some of these uses include prominent use of "Buttery." For example, the following and "#Buttery" are used in a post using "Buttery" to promote BUTTER BOX Chardonnay wine, among other varietals:



4.     The Wine Group is informed and believes that these uses and agreements are part of JaM's plan to reserve for itself and its "licensees" the rights to use butter-formative trademarks and descriptive uses of the generic term butter for wine that competitors need to use, particularly producers of buttery Chardonnays. Jam greets any producer who uses descriptors or marks that contain "butter" or "buttery" with burdensome litigation unless such uses are forsaken or downplayed to the point where they lose their competitive force. Due to its collusive agreements with other producers who use "butter" or "buttery," JaM bases its lawsuits on a public record that does not reflect the true weakness of JaM's mark. JaM's attempt to extend the BUTTER mark to prevent The Wine Group's descriptive use of the phrase "rich & buttery" demonstrates this misuse and JaM's improper attempt to minimize the competitive impact of descriptive terms that signal to consumers that a wine falls into the category of buttery wines.

5.     To curb JaM's trademark misuse, the Court should (i) refuse to enforce JaM's trademark until its misuse stops (including by reassigning the trademark rights and registrations that are the subject of its naked licenses) and (ii) issue an order of rectification that JaM's BUTTER trademark registration for wine be limited to the highly stylized form in which it appears in JaM's specimen of use, such that it cannot be used as a competitive weapon against generic and descriptive uses of butter-formative terms by others in the industry.

## FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

6.     The Wine Group alleges that no punitive or exemplary damages should be awarded arising out of the claims made in the Complaint under the law of the United States and California

because: (i) an award of punitive or exemplary damages would be unconstitutional under the United States and California Constitutions; specifically, the First Amendment of the United States Constitution and Article I, Section 2 of the California Constitution; (ii) any recovery of punitive or exemplary damages arising out of the claims made in the Complaint would constitute the imposition of a criminal fine or penalty without the substantive or procedural safeguards guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by Article I, Section 7 of the California Constitution; (iii) the imposition of any punitive or exemplary damages in this lawsuit would constitute an excessive fine or penalty under Article I, Section 17 of the California Constitution; (iv) any such award is precluded or limited pursuant to Section 3294 of the California Civil Code of the United States Constitution and the due process clause; and (v) punitive damages would violate the United States and California Constitutions and common law because such an award is based from procedures that are vague, open-ended, unbound in discretion, arbitrary, and without sufficient constraints or protection against arbitrary and excessive awards.

**FIFTH AFFIRMATIVE DEFENSE**

**(No Causation)**

7.      JaM's claims against The Wine Group are barred because JaM's damages, if any, were not caused by The Wine Group and any profits attributable to The Wine Group's allegedly infringing products are not attributable to the alleged infringement.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Damage)**

8.      Without admitting that the Complaint states a claim, there has been no damage in any amount, manner, or at all by reason of any act alleged against The Wine Group in the Complaint, and the relief prayed for in the Complaint therefore cannot be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Lack of Irreparable Harm)**

9.      JaM's claims for injunctive relief are barred because JaM cannot show that it will suffer any irreparable harm from The Wine Group's actions.

## EIGHTH AFFIRMATIVE DEFENSE

### (Adequacy of Remedy at Law)

10.     The alleged injury or damages suffered by JaM, if any, would be adequately compensated by damages. Accordingly, JaM has a complete and adequate remedy at law and is not entitled to seek equitable relief.

## NINTH AFFIRMATIVE DEFENSE

### (Duplicative Claims)

11.     Without admitting that the Complaint states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for an alleged single wrong.

## TENTH AFFIRMATIVE DEFENSE

### (Estoppel and Unclean Hands)

12.     By reason of JaM's unclean hands, JaM is estopped from relying on any presumptions arising from the tenure of its mark on the trademark register or asserting that meaningful secondary associations have attached to its mark.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Fair Use)

13.     JaM's claims are barred, in whole or in part, by the doctrine of fair use. As is typical in the wine industry, The Wine Group is using the terms "rich" and "buttery" in their descriptive and generic sense to describe characteristics of its wine, and not to indicate the source of its goods. JaM may not inhibit competitive use of descriptive terms like "butter" and "buttery." These terms have their primary uses in the wine industry as other than a trademark, and JaM's trademark rights in such descriptive terms may not reach such uses.

## TWELFTH AFFIRMATIVE DEFENSE

### (Not a Famous Mark)

14.     JaM's alleged trademark is not entitled to dilution protection because it is not sufficiently distinctive, strong, famous, and/or widely recognized.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Equitable Limitations)

15.     Equity should limit or negate any damage award or disgorgement of profits because any infringement was not willful and has caused no prejudice to JaM.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Reservation)

16.     The Wine Group has insufficient knowledge and/or information on which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available in this action. The Wine Group reserves the right to assert additional affirmative defenses in the event discovery indicates that they may be appropriate.

## COUNTERCLAIMS

Defendant and Counterclaimant The Wine Group LLC ("The Wine Group") counterclaims against Plaintiff and Counterdefendant JaM Cellars, Inc. ("JaM") as follows:

1.     This is an action under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*., for a declaratory judgment concerning The Wine Group's non-infringing and fair use of the terms "butter" and "buttery."

2.     JaM is the record owner of federally registered trademark issued by the USPTO, namely, U.S. Registration No. 3,999,253 for the word mark BUTTER for wine ("the BUTTER mark"). A copy of the registration certificate is attached as **Exhibit A.**

3.     JaM has previously asserted rights in its BUTTER mark against The Wine Group and third parties as detailed in The Wine Group's affirmative defense of trademark misuse.

4.     The Wine Group uses and wishes to continue to use the term "butter" and variations of the term to describe its wines. Accordingly, The Wine Group seeks a declaration establishing that the uses it is making of the terms "butter" and "buttery" are non-infringing and fair uses of the terms.

5.     The Wine Group also uses and wishes to continue to use the term "butter" or variations of the term as trademarks for its wines. Accordingly, The Wine Group seeks an order as described in its affirmative defense for trademark misuse that will rectify the register by requiring

that JaM stop misusing its trademark, limit its rights to the stylized version of its mark, and require JaM to relinquish any marks that it acquired as part of its misuse or that are maintained through naked licenses rather than genuine commercial use.

## PARTIES

6.      The Wine Group is a Delaware limited liability company with a corporate office located at 4596 S. Tracy Blvd., Tracy, California 95377.

7.      Upon information and belief, JaM is a California corporation with its principal office located at 1460 First Street, Napa, California 94559.

## JURISDICTION AND VENUE

8.      The Court has subject jurisdiction over The Wine Group's counterclaim under 28 U.S.C. §§ 1131, 1338. The claim alleged in this Counterclaim arise under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C. §§ 1114, 1125 *et seq*.

9.      This Court has personal jurisdiction over JaM because it has distributed, offered for sale, or sold products within the State of California and within this judicial district, and expected or should reasonably have expected its acts to have consequence in the State of California and within this judicial district.

10.     Venue is proper under 28 U.S.C. § 1391(b) because JaM is doing business in this judicial district and therefore may be found in this district, and/or as a substantial part of the events giving rise to the claims alleged herein occurred in this judicial district.

## GENERAL ALLEGATIONS COMMON TO ALL CLAIMS

### The Terms Butter and Buttery Are Used Ubiquitously to Describe Wine

11.     The terms "butter" and "buttery" are used as common descriptors for wine to connote flavor, smell, texture in wine, particularly Chardonnay. A wine with buttery characteristics is usually rich and flat, carrying aromas or flavors reminiscent of melted butter. The texture of a buttery wine is often cream-like with a soft, smooth finish.

12.     Buttery Chardonnays are a category of wine sought out by consumers.

13.     Accordingly, in addition to those described in the trademark misuse affirmative defense, many wine producers use the terms "butter" and "buttery" to describe characteristics of

their wine. *See* **Exhibit B**.

14.     Bota Box, for instance, intends to offer a "Buttery Chardonnay," as shown below. In addition to the bold identifier of the wine as "Buttery Chardonnay," the label describes it as "Buttery – Rich – Creamy." According to the Bota Box's website, the Chardonnay is "rich [and] buttery" with "[l]ayers of toasted oak, butterscotch and honey combined with a creamy texture...." An image of the label is shown below:



15.     Chateau St. Jean describes its Chardonnay as "[f]ull bodied and buttery" with "creamy sweetness…to deliver a toasted vanilla finish."

16.     Melt's Chardonnay is described as "luxurious and buttery smooth" with a "melt in your mouth" flavor.

17.     Cloud Break promotes its Chardonnay as having "flavors of toasted oak, vanilla, [and] butter…."

18.     Rock View Chardonnay offers a "buttery Chard" with tropical flavors, along with citrus and melon notes, "leading into a well-balanced, buttery finish."

19.     Old Cannery Row touts that its Chardonnay offers a "butter, oak and creamy mouth feel," balanced with tropical fruit flavor.

20.     River Road describes its Chardonnay as having a "buttery finish."

21.     A search of the Alcohol and Tobacco Tax and Trade Bureau's Certificates of Label Approval ("COLAs") further confirms that producers widely use the term "buttery" to describe wine, particularly Chardonnay.

22.     For example, the COLA for Backstage's 2016 Chardonnay indicates that the wine is described as "rich [and] buttery."

23.     The COLA for Riverwood Winery's Oaked Chardonnay indicates that the wine is described as having a "buttery texture" with "aromas of vanilla and oak."

24.     The COLA for Piccione's Unoaked Chardonnay indicates that the wine is described as "lighter than its creamy and buttery counterpart."

25.     Due to the popularity of buttery Chardonnays, many wine retailers offer an assortment of wines that fall into a "butter" or "buttery" category, as shown in the images below and in **Exhibit C.**



**The Wine Group's Fair Use of the Terms Butter and Buttery**

26.     The Wine Group is the third largest wine producer by volume in the world. It sells its wines under a number of venerated brands, including Concannon Vineyard, which is a longstanding brand owned by The Wine Group; Glen Ellen Winery, a wine brand dating to the late 1800s; Almaden Vineyards, the first winery in California; and Benziger Family Winery, which uses certified Biodynamic, organic and sustainable farming methods.

27.     The Wine Group has received more than 4,000 awards and accolades since 2010. To highlight a few, The Wine Group's FRANZIA brand is the No. 1 wine brand in the world; the CUPCAKE brand is the No. 1 premium wine brand by volume; and the SEVEN DEADLY brand has been awarded the No. 1 Zinfandel in the U.S.

28.     Like others in the wine industry, The Wine Group uses the terms "butter" and

"buttery" to connote the flavor, smell, and texture of its wine offered under its various brands.

29. For instance, The Wine Group uses the descriptive phrase "rich & buttery" to describe one of its Chardonnay blends offered under its FRANZIA brand (hereafter, "FRANZIA Chardonnay"). The flavor notes state that the "full body Chardonnay expresses aromas of butter, vanilla and ripe pear with a creamy mouthful."

30. The Wine Group also intends to use the descriptive term "butter" on its KEYNOTE Chardonnay, as shown in the COLA below (hereafter, "KEYNOTE Chardonnay"). The label describes the wine as having "aromas of vanilla and caramel with decadent flavors of slow churned butter with a rich, satisfying finish." Promotion of this KEYNOTE Chardonnay may involve materials or advertisements that emphasize the butter, buttery or churned butter flavors.



**JaM's Wines and Its Trademark Registration for the BUTTER Mark**

31. JaM offers four wines called Butter, Jam, Toast, and Candy. Images of JaM's wine bottles are shown below.



32. At least three of the four so-called brand names used by JaM refer to familiar terms

1  are used by the industry to describe characteristics of wine, as shown below. *See*

2  http://winefolly.com/tutorial/wine-descriptions-chart-infographic/.



12  33.  JaM uses its BUTTER mark on its Chardonnay. Consistent with the taste

13  descriptions of other buttery Chardonnays, JaM's describes its BUTTER Chardonnay as "rich,

14  bold, and luscious" with a "lush creaminess" and a "long, vanilla finish" that "melts in your

15  mouth!" In fact, JaM itself has used the term "buttery" to describe its own Chardonnay wine.

16  34.  In April 2010, JaM filed an intent-to-use trademark application for the word mark

17  BUTTER for wine in International Class 33 (Ser. No. 85/011,243) and the BUTTER mark later

18  matured to registration (Reg. No. 3,999,253). On September 26, 2016, the USPTO recognized that

19  the registration for the BUTTER mark had become incontestable.

20  **JaM's Litigation Tactics**

21  35.  Upon information and belief, JaM waited until its rights in the registered BUTTER

22  mark in commerce for wine became incontestable before attempting to police or prevent third-

23  party use of the term "butter" for wine. That is because the validity of an incontestable mark

24  cannot be attacked on descriptiveness grounds.

25  36.  Upon information and belief, JaM knew that, if it attempted to enforce its rights in

26  the registered BUTTER mark before it became incontestable, a third party would likely challenge

27  JaM's trademark registration on descriptiveness grounds. To avoid the risk of having its

28  registration cancelled, JaM waited until its BUTTER mark became incontestable before starting to

police third-party use of "butter" for wine.

37.     Long before JaM applied to register its mark, the terms "butter" and "buttery" had become ubiquitous for a category of Chardonnay and thus were used by many third parties.

38.     Upon information and belief, JaM embarked on a litigation campaign to try to curb the growing number of third parties who were using the terms "butter," "buttery," or similar variations in trademarks. In the first half of 2017, JaM filed five federal trademark infringement actions that asserted rights in its BUTTER mark over third parties.

39.     Upon information and belief, JaM used the lawsuits or a threat of lawsuit to bully defendants and other third parties to stop using or attempting to register the terms "butter" and/or "buttery," and – in order to resolve the lawsuits – even requiring them to transfer to JaM pending federal trademark applications or registrations for BUTTER-formative marks before licensing them back to their rightful owners.

40.     In April 2017, JaM filed a trademark infringement action against The Wine Group arising out of The Wine Group's use of the BUTTERKISSED mark for a Chardonnay wine offered under its CUPCAKE VINEYARDS brand. The parties resolved the matter after litigating the case for over a year.

41.     Less than one year later, JaM has filed a second lawsuit against The Wine Group, asserting trademark infringement from The Wine Group's descriptive use of the phrase "rich & buttery" for Chardonnay offered under its FRANZIA brand.

**FIRST COUNTERCLAIM FOR DECLARATORY RELIEF**
**28 U.S.C. § 2201**

42.     The Wine Group realleges and incorporates by reference each of the foregoing paragraphs contained these Counterclaims.

43.     JaM has alleged in this action and in other actions against The Wine Group and third parties that it owns rights in the BUTTER mark and is the owner of the BUTTER Registration.

44.     JaM has alleged in this action and in other actions against third parties that uses of the term "butter" and/or "buttery" in connection with wine infringe JaM's rights under federal and

common law and constitute unfair competition under federal, state, and common law.

45.     The Wine Group denies that it has infringed or unfairly competed, or that The Wine Group's use or intended use of the terms "butter" or "buttery" otherwise violates JaM's purported rights.

46.     Instead, The Wine Group has used and intends to use the terms "butter" and "buttery" to describe characteristics of its wines under its FRANZIA and KEYNOTE brands and other brands, as well as to consider and propose using BUTTER-formative trademarks.

47.     An actual, immediate, and justiciable controversy exists between the parties concerning The Wine Group's use and intended use of the terms "butter" and "buttery" in connection with wine and the scope of JaM's rights in its BUTTER mark.

48.     The Wine Group has been and will continue to be damaged by the persistent uncertainty created by JaM's unpredictable reactions to The Wine Group's non-infringing and/or fair use of the terms "butter" and "buttery" or BUTTER-formative trademarks as evidenced by JaM's repeated accusations of wrongdoing against The Wine Group and third parties.

49.     The Wine Group thus seeks a declaratory judgment from this Court that The Wine Group's uses and intended uses of the terms "butter" and "buttery" in connection with its FRANZIA Chardonnay and KEYNOTE Chardonnay are not likely to cause confusion as to the source, affiliation, or sponsorship of The Wine Group's wine with JaM or its products.

50.     The Wine Group seeks declaratory judgment from this Court that The Wine Group's uses and intended uses of the terms "butter" and "buttery" in connection with its FRANZIA Chardonnay and KEYNOTE Chardonnay do not constitute trademark infringement or dilution under the Lanham Act, California law, or common law.

51.     The Wine Group seeks declaratory judgment from this Court that the sale of its FRANZIA Chardonnay and KEYNOTE Chardonnay wines does not and will not constitute unfair competition under the Lanham Act, California law, or common law.

52.     The Wine Group seeks declaratory judgment from the Court that JaM has suffered no, and will not suffer any, damages or loss of goodwill as a result of the sale of The Wine Group's FRANZIA Chardonnay and/or KEYNOTE Chardonnay.

53.     The Wine Group seeks declaratory judgment that JaM is not entitled to any injunctive relief or damages under 15 U.S.C. § 1125, California law, or common law.

**SECOND COUNTERCLAIM FOR EQUITABLE ORDERS AND RECTIFICATION**

54.     The Wine Group incorporates and realleges the foregoing paragraphs in these Counterclaims and the allegations stated in its Trademark Misuse Affirmative Defense.

55.     To prevent the uncertainty and competitive harm that arises from JaM's misuse of its trademark registration, The Wine Group seeks a declaratory judgment that the trademark register should be rectified to prevent JaM's further trademark misuse, to prevent manipulation of the public record about whether "butter" is at most a commonly used descriptive term in any trademarks, and to prevent further uncertainty about the ability of The Wine Group and other competitors to use "butter" as part of a description or trademark for wines.

56.     To prevent JaM's misuse, The rectification order should limit JaM's rights to the stylized version of its mark, and require JaM to relinquish any marks that it acquired as part of its misuse or that are maintained through naked licenses rather than genuine commercial use.

**PRAYER FOR RELIEF**

WHEREFORE, The Wine Group prays for judgment in its favor as follows:

1.     Declaring that The Wine Group's uses and intended uses of the terms "butter" and "buttery" for its FRANZIA Chardonnay and KEYNOTE Chardonnay do not constitute trademark infringement, trademark dilution, or unfair competition under the Lanham Act, California law, or common law;

2.     Declaring that JaM is not entitled to any injunctive relief with respect to The Wine Group's sale of its FRANZIA Chardonnay or KEYNOTE Chardonnay;

3.     Declaring that JaM has not suffered, and will not suffer, any harm or damages, and thus is not entitled to any relief under the Lanham Act, California law, or common law;

4.     Either invalidating the registrations, or ordering that JaM reassign to the "licensees" who actually own them any marks and registrations that are subject to naked licenses;

5.     Ordering rectification of the trademark register to reflect that JaM's registration for its BUTTER mark shall be revised to the stylized form of the mark as shown by JaM in its

1    Statements of Use, and only may be asserted in the mark's stylized form;

2          6.      Awarding The Wine Group its costs, expenses, and attorneys' fees in this action;

3    and

4          7.      Awarding such other further relief to which The Wine Group may be entitled as a

5    matter of law or equity, or that the Court deems to be just and proper.

6

7    DATED:  May 24, 2019              Respectfully submitted,

8                                      KILPATRICK TOWNSEND & STOCKTON LLP

9

10                                     By: */s/Gregory S. Gilchrist*
                                       GREGORY S. GILCHRIST
11
                                       Attorneys for Defendant/Counterclaimant
12                                     The Wine Group LLC

13

14                         **<u>DEMAND FOR JURY TRIAL</u>**

15          The Wine Group demands that this action be tried to a jury.

16   DATED:  May 24, 2019              Respectfully submitted,

17                                     KILPATRICK TOWNSEND & STOCKTON LLP

18

19                                     By: */s/Gregory S. Gilchrist*
                                       GREGORY S. GILCHRIST
20
                                       Attorneys for Defendant/Counterclaimant
21                                     The Wine Group LLC

22

23

24

25

26

27

28
     71957046V.1

     THE WINE GROUP LLC'S ANSWER AND COUNTERCLAIMS                    - 19 -
     CASE NO. CASE NO. 4:19-CV-01878-HSG