UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAM CELLARS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>THE WINE GROUP LLC,<br><br>    Defendant. | Case No. 19-cv-01878-HSG<br><br>**ORDER GRANTING MOTIONS TO SEAL**<br><br>Re: Dkt. No. 78, 79, 92 |

Pending before the Court is Defendant The Wine Group LLC's and Plaintiff Jam Cellars, Inc.'s renewed motions to seal portions of the briefs and exhibits filed in relation to Defendant's motion for summary judgment. *See* Dkt. No. 78, 79. Also pending before the Court is Plaintiff's motion to seal portions of its motion for a preliminary injunction and related exhibits. *See* Dkt. No. 92. For the reasons detailed below, the Court **GRANTS** all motions.

I.   **LEGAL STANDARD**

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in

1    disclosure and justify sealing court records exist when such 'court files might have become a
2    vehicle for improper purposes,' such as the use of records to gratify private spite, promote public
3    scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v.*
4    *Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).  "The mere fact that the production of records
5    may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
6    without more, compel the court to seal its records." *Id.*

7    Civil Local Rule 79-5 supplements the "compelling reasons" standard.  The party seeking
8    to file under seal must submit "a request that establishes that the document, or portions thereof, are
9    privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . .  The
10   request must be narrowly tailored to seek sealing only of sealable material . . . ."  Civil L.R. 79-
11   5(b).  Courts have found that "confidential business information" in the form of "license
12   agreements, financial terms, details of confidential licensing negotiations, and business strategies"
13   satisfies the "compelling reasons" standard.  *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-
14   MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information
15   "prevent[ed] competitors from gaining insight into the parties' business model and strategy");
16   *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal.
17   June 30, 2015).

18   Records attached to nondispositive motions must meet the lower "good cause" standard of
19   Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only
20   tangentially related, to the underlying cause of action." *Id.* at 1179–80 (quotations omitted).  This
21   requires a "particularized showing" that "specific prejudice or harm will result" if the information
22   is disclosed.  *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th
23   Cir. 2002); *see also* Fed. R. Civ. P. 26(c).  "Broad allegations of harm, unsubstantiated by specific
24   examples of articulated reasoning" will not suffice.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966
25   F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II. ANALYSIS

### A. Renewed Motion to Seal Related to Summary Judgment Motion (Dkt. Nos. 78, 79)

The parties have provided compelling reasons for sealing portions of the briefs and exhibits attached to Defendant's summary judgment motion because they contain confidential business and proprietary information relating to the operations of both Plaintiff and Defendant. *See Ctr. For Auto Safety v. Chrysler, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) ("Examples [of what constitutes a compelling reason] include when a court record might be used . . . 'as sources of business information that might harm a litigant's competitive standing.'"); *see also Lucas v. Breg, Inc.*, No. 15-cv-00258-BAS-NLS, at *3 (S.D. Cal. Sept. 28, 2016) (sealing sales data broken down by year and product type because it could undermine Plaintiff's market position if made public); *Algarin v. Maybelline, LLC*, 12-cv-3000-AJB (DHB), 2014 WL 690410, *3-4 (S.D. Cal. Feb. 21, 2014) (finding compelling reasons where access to marketing and sales data "may result in improper use by competitors who may circumvent expending their own resources in obtaining the information"). The Court originally denied the parties' motions to seal because the request to seal the entirety of exhibits was not narrowly tailored. The parties have now tailored the request to conceal only the information regarding the parties' marketing and competitive strategy, financial information, product development, and confidential trademark enforcement actions. The parties have identified portions of the unredacted versions of briefs and exhibits as containing confidential and proprietary business information, and the Court finds compelling reasons to grant the motions to seal.

### B. Motion to Seal Related to Preliminary Injunction Motion (Dkt. No. 92)

The Court will apply the lower good cause standard when analyzing Plaintiff's motion to seal documents related to preliminary injunction motion.

JaM Cellars has satisfied the standards for sealing because the unredacted information contains confidential business and proprietary information relating to the operations of the parties. *See Chrysler, LLC*, 809 F.3d at 1097. Before the parties filed declarations in support of the motion to seal, the parties engaged in a settlement conference and promptly filed a notice of settlement. *See* Dkt. Nos. 102, 103. Due to the settlement, Court did not rely on any of the

documents that are the subject of the parties' administrative motions to seal. Thus, these documents are unrelated to the public's understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal given that the Court will not rule on the motions. *See In re iPhone Application Litig.*, No. 11-MD-02250-LHK, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) ("The public's interest in accessing these documents is even further diminished in light of the fact that the Court will not have occasion to rule on Plaintiffs' Motion for Class Certification.").

Accordingly, because the documents divulge proprietary and confidential information unrelated to the public's understanding of the judicial proceedings in this action, the Court finds that there are compelling reasons to file the documents under seal. *See Economus v. City & Cty. of San Francisco*, No. 18-CV-01071-HSG, 2019 WL 1483804, at *9 (N.D. Cal. Apr. 3, 2019) (finding compelling reason to seal because the sealing request divulges sensitive information no longer related to the case); *In re iPhone*, 2013 WL 12335013 (same); *Doe v. City of San Diego*, No. 12-CV-689-MMA-DHB, 2014 WL 1921742, at *4 (S.D. Cal. May 14, 2014) (exhibit's disclosure of personal information and irrelevance to the matter are compelling reasons to seal the exhibit).

### III. CONCLUSION

For the reasons noted above, the Court **GRANTS** the parties' administrative motions to file under seal. Pursuant to Civil Local Rule 79-5(f)(1), documents filed under seal as to which the administrative motions are granted will remain under seal.

**IT IS SO ORDERED.**

Dated: 9/17/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

4